**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/22

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, and the NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                       Petitioners,

          - against -

RELIABLE BUILD, INC.,

                      Respondent.

**21 Civ. 9332 (VM)**

**<u>DECISION AND ORDER</u>**

**VICTOR MARRERO, United States District Judge.**

The four petitioners (1) Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, (2) Trustees of the New York City Carpenters Relief and Charity Fund, (3) Carpenter Contractor Alliance of Metropolitan New York, and (4) New York City District Council of Carpenters (collectively, "Petitioners"), bring this action against Reliable Build, Inc. ("Respondent") to confirm an arbitration award ("Award"). Now before the Court is Petitioners' unopposed

petition to confirm the Award. (See "Petition," Dkt. No. 1.)
For the reasons discussed below, the Petition is **GRANTED**.

A court reviewing an arbitration award should confirm
that award so long as the arbitrator "acted within the scope
of his authority" and "the award draws its essence from the
agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union,
RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir.
1992). Even where a Court may believe the arbitrator was
incorrect, an award should be confirmed if the decision was
within the scope of the arbitrator's authority. See, e.g.,
United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29,
38 (1987) ("[A]s long as the arbitrator is even arguably
construing or applying the contract and acting within the
scope of his authority, that a court is convinced he committed
serious error does not suffice to overturn his decision.");
Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d
Cir. 1997) ("Even if a court is convinced the arbitrator's
decision is incorrect, the decision should not be vacated so
long as the arbitrator did not exceed the scope of his
authority."). Generally, confirmation of an arbitration award
is a "summary proceeding that merely makes what is already a
final arbitration award a judgment of the court." D.H. Blair
& Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006)
(quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d

Cir. 1984)). Accordingly, the court "must grant the award unless the award is vacated, modified, or corrected." Id. (quotations omitted).

Here, the Court treats the unopposed motion as one for summary judgment. See D.H. Blair, 462 F.3d at 109; see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Empire Masonry, LLC, No. 19 Civ. 1233, 2019 WL 11270457, at *1 (S.D.N.Y. June 5, 2019) ("Because Respondent has failed to appear or respond to the petition, the Court regards the petition as an unopposed motion for summary judgment.").

Having reviewed the Petition, the memorandum of law in support thereof, as well as the accompanying documents, the Court is persuaded that the arbitrators acted within the scope of their authority. The Court therefore will confirm the Award. Likewise, the Court is persuaded that post-judgment interest is warranted. See Trustees for the Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc., No. 15 Civ. 6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) ("Awards of post-judgment interest under § 1961 are mandatory."); see also Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 113 (2d Cir. 2013); Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100-01 (2d Cir. 2004)).

The Court finds Petitioners' request for attorneys' fees is proper based on their representations that Respondent has

refused to comply with the Award. See, e.g., Trustees of the N.Y.C Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Jaidan Indus. Inc., No. 20 Civ. 7008, 2021 WL 4459231, at *3 (S.D.N.Y. Sept. 29, 2021) (finding courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court" (alteration in original)). Petitioners submitted a record of its attorneys' fees and costs for this matter. Petitioners' record reflects that counsel Nicole Marimon and Maura Moosnick billed their time at a rate of $350 per hour and $275 per hour, respectively. (See Petition ¶¶ 39-40; "Ex. G," Dkt. No. 1-7.) Petitioners' counsel also had legal assistants who billed their time at a rate of $150 per hour. (See Petition ¶ 41; Ex. G.) Petitioners' counsel ultimately billed a total of $1,527.50 for 5.2 hours of work. (See Petition ¶ 43; Ex. G.) Petitioners also incurred $77 in costs and services fees for this case. (See Petition ¶ 44.)

## ORDER

For the foregoing reasons, it is hereby

**ORDERED**, the Petition (Dkt. No. 1) to confirm an arbitration award from Petitioners (1) Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, (2) the Trustees of the New York City Carpenters Relief and Charity Fund, (3) the Carpenter Contractor Alliance of Metropolitan New York, and (4) the New York City District Council of Carpenters (collectively "Petitioners") is **GRANTED**; and it is further

**ORDERED** that judgment is entered as follows: (a) Petitioners are awarded $407,104.54 plus interest from August 12, 2021 — the date of the arbitration award — through the date of this Order with interest accruing at 5.25% per annum; (b) Petitioners are awarded post-judgment interest after the date of this Order, which shall be calculated at the statutory rate; and (c) Petitioners are awarded $1,527.50 in attorneys' fees and $77 in costs arising from the Petition.

**SO ORDERED.**

Dated:    January 25, 2022
          New York, New York

_____
                    Victor Marrero
                    U.S.D.J.